## McClellan vs. Cross and another.

EQUITY: *Conveyance of fee decreed to stand as conveyance of life estate.*

1. A., supposing herself to own certain land in fee, sold it to B. for a gross sum, and conveyed it to him in fee with covenants of title; but afterwards, B. being advised that A. had only a life estate in the land, the parties agreed that B. should stand as purchaser of an estate for A.'s life only, and A. refunded the gross consideration, and took B.'s agreement to pay her annually, during her life, a sum equal to the interest upon such former consideration, with his further promise to quitclaim the land to her in case of his failure to pay such annual sum. There was no express agreement as to whether the former conveyance should stand, or a new one be substituted for it; but the parties agreed that if the written paper drawn and signed by them (expressing such new transaction) was not right, it should be made right. *Held,* that a court of equity, upon the suit of A., will decree that her deed to B. shall stand as a conveyance of an estate for A.'s life, with its covenants retained so far as applicable to the life estate.

2. It is immaterial, in such a case, what estate A. really had in the land when her conveyance was made.

APPEAL from the Circuit Court for *Winnebago* County.

Action to compel a conveyance of lands. Plaintiff's husband, George Bell, by will, devised all of his real estate to his son William, with a provision that in case William should die " without heirs," then the plaintiff, if living, should take a life

estate, and after her death the land should descend in equal shares to his four daughters. The son died without issue, having previously, however, quitclaimed all of his interest in the estate to his mother, the plaintiff. The latter, under the impression that she had the whole estate, conveyed the same by warranty deed to *John Cross*, one of the defendants, for the sum of $4,250. About a year after the sale, *Cross* came to the plaintiff, and told her that he had been advised she had only a life interest in the lands, and demanded back the consideration paid by him therefor. The result of the conference was, that the plaintiff refunded to *Cross* the consideration paid by him, and an arrangement was made by which *Cross* was to retain possession of the estate during her life, paying her annually a sum equal to seven per cent. interest on the price paid by him for the fee. A writing was drawn, intended by the parties to express their agreement, but, as all those present at the negotiation were unacquainted with legal forms, it was agreed that, if not right, it should be made right. The following is a copy of the writing: "For value received I promise to pay *Jane McClellan* the sum of two hundred and ninety-seven dollars and fifty cents ($297.50) annually as long as she lives, and I further agree that in case the above sum is not annually paid, that I will quitclaim the following described real estate to the said *Jane McClellan*." Here followed a description of the land, with date and the signature of *John Cross*. Afterwards the defendant *John Cross*, without consideration, conveyed the lands by warranty deed to his son, the defendant *John W. Cross*, which latter deed was put upon record together with the one from plaintiff; and the plaintiff having first tendered to both father and son for execution quitclaim deeds of such lands, containing reservations of any rights acquired by them by virtue of any lease or agreement with the plaintiff subsequent to her deed to *J. Cross*, brought suit to compel them to convey.

The court found, in addition to the above facts, that the plaintiff's interest was only a life estate, and held, 1st. That the

plaintiff was entitled to judgment that the covenants of warranty in her deed to *John Cross* be canceled and discharged, and that the said deed stand only as a quitclaim deed conveying all the interest which plaintiff had in the lands at the time of its execution, and nothing more.  2d. That the defendant *John Cross* secure to the plaintiff the payment of the annuity agreed upon between them, by bond and mortgage upon the premises.  3d. That the deed to *John W. Cross* stand subject to the deed from plaintiff to his father as a quitclaim instead of a warranty deed.  4th. That the judgment be without costs to either party.

Both parties excepted to the finding of fact above stated, as to plaintiff's estate being only for life; and also to the conclusions of law, except the third, to which defendants only excepted.

Judgment in accordance with the above recited conclusions; from which plaintiff appealed.

*Gabe Bouck,* for appellant, argued that the court could not in this action put any construction upon the will of plaintiff's husband which would be binding upon his heirs, they not being parties to the suit; that such will was capable of different interpretations; that it was clearly understood between the parties, as appears from the testimony and as found by the court, that *John Cross* was to take only a life estate in the lands, while the judgment made plaintiff's deed convey all the estate she had at the time, which might be more than a life estate, that question depending upon testimony and construction.  Counsel also argued that the plaintiff was entitled to the relief demanded, on the ground of mistake of fact as to what form of instrument was necessary to carry out the agreement.  1 Story's Eq. Jur., §§ 121–2.

*Felker & Weisbrod,* for respondents, contended that the plaintiff took, under the will of her husband, only a life estate in the land; that the words "without heirs" must be construed "without issue" (*Noyes v. Beyea,* 13 N. Y., 273; *Pinckney v.*

*Pinckney*, 1 Bradf., 269 ; *Persons v. Snooks,* 40 Barb., 144 ; *Hatfield v. Sneden,* 42 id., 615 ; 2 Redf. on Wills, 377 ; 2 Story's Eq. (Balch's ed.), § 1065 b. ; *Bundy v. Bundy,* 38 N. Y., 410 ; *Scott v. Guernsey,* 48 id., 122 ; *Ellis v. Essex Merrimack Bridge,* 2 Pick., 247 ; *Bowers v. Porter,* 4 id., 198 ; *Fisk v. Keene,* 35 Me., 349 ; 2 Washb. R. P., 560 ; *Jones v. Miller,* 13 Ind., 337 ; *Flint v. Steadman,* 36 Vt., 210 ; 41 Pa. St., 290) ; and that, the covenants of warranty being stricken from the deed, the plaintiff was sufficiently protected in her rights, and the bond should not have been required of the defendant. Counsel further insisted that the plaintiff had no foothold in equity, there being no evidence that the agreement was obtained by fraud, undue influence or breach of confidence ; and that, in the absence of these, neither plaintiff's ignorance nor simple inadequacy of consideration were sufficient to set aside such agreement.   Story's Eq. Jur., 234, 238, 244, 246, 148, 150 ; *Ex parte Allen,* 15 Mass., 58 ; Smith's Man. of Eq., ch. 3, § 3 ; *Aiman v. Stout,* 42 Pa. St., 114 ; *Darnell v. Rowland,* 30 Ind., 342 ; *Somers v. Pomphrey,* 24 id., 246 ; 4 Kent's Com., 573 ; 20 Gratt., 147 ; *Mann v. Betterly,* 21 Vt., 326 ; 1 Woodb. & Min., 103 ; *Miller v. Craig,* 36 Ill., 109 ; 44 N. H., 538 ; *Henderson v. McGregor,* 30 Wis., 78 ; *Heath v. VanCott,* 9 id., 522.

RYAN, C. J.   It appears to us immaterial to this appeal, what estate in the land in question the appellant had, at the date of the transactions with *John Cross.*   Under an impression. presumably, that she was seized in fee, she first sold it to him for a gross consideration, and conveyed it to him in fee with covenants of title.   It appears that *Cross* was afterward advised that she took a life estate only under the will of George Bell ; and that he thereupon had recourse to her for redress. The result of their second negotiation was an agreement, which amounts in equity to a rescission of their former transaction, and a new agreement that *Cross* should stand as purchaser from her of an estate for her life only.   She thereupon refund-

McClellan vs. Cross and another.

ed to him the gross consideration received for the fee, and took from him instead his agreement to pay to her annually, for her life, the interest on the former price of the fee, for which he accounted to her from the date of his possession ; being the precise equivalent, on the basis of the former conveyance of the fee, for a life estate. In this agreement, *Cross* promised, upon failure to pay the annuity, to quitclaim the land to the appellant ; but no express agreement was made whether the the former conveyance was to stand, or a new one to be substituted for it. It appears, however, that the parties were ignorant, and conscious of their ignorance, had no access at the time to professional advice, and so agreed that if the paper drawn and signed by *Cross* were not right, it should be made so.

No objection was argued to the jurisdiction of the circuit court to entertain a suit to reform the papers between the parties, or to enforce the agreement to make them right, which we understood to be conceded, if the facts should be found to warrant the relief.

It was candidly admitted by the able counsel of the respondents, on the argument, and we do not see how it could be well questioned, that if, in the second transaction between the parties, the appellant had merely returned the consideration of the deed, and *Cross* accepted it, without further agreement, a court of equity would have decreed a reconveyance; the conveyance being considered in equity rescinded by the refunding of the purchase money in such circumstances. And we are unable to see why, on the same principle, the gross consideration for the fee being replaced by the interest on it, for the life of the appellant, for an estate for her life, a court of equity should not consider the conveyance of the fee rescinded, to be replaced by a conveyance of the life estate. And this view is strengthened by the virtual agreement by the parties that, if their paper did not rightly carry out their dealing, they should be made to do so.

The court below, however, let the conveyance in fee stand,

McClellan vs. Cross and another.

striking out the appellant's covenants of title. We think that this was a mistake. In our view, the deed should stand, with its covenants so far as applicable to the life estate, as a conveyance of an estate for the life of the appellant. *John Cross* and his corespondent, *John W. Cross*, who plainly took subject to the same equities, are entitled to an estate from the appellant for her life only; but they are entitled to that with her covenants of title.

The judgment of the court below will be so far modified, and the cause remanded for judgment in conformity with this opinion.

*By the Court.*—So ordered.